# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD A. CLEARFIELD & ASSOCIATES d/b/a CLEARFIELD, KOFSKY & PENNEYS,<br><br>Plaintiff,<br><br>v.<br><br>SENTRY SELECT INSURANCE COMPANY,<br><br>Defendant. | CIVIL ACTION<br><br><br><br><br><br><br>11    6263<br><br>NO.: |

## NOTICE OF REMOVAL
## ON GROUND OF DIVERSITY CITIZENSHIP

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:

Defendant Sentry Select Insurance Company respectfully submits the following Notice of Removal to the United States District Court for the Eastern District of Pennsylvania and in support thereof states as follows:

1.  There is a certain action presently pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, bearing docket no. August Term 2011, 04541, wherein Ronald A. Clearfield & Associates d/b/a Clearfield, Kofsky & Penneys is the Plaintiff and Sentry Select Insurance Company is the named Defendant.

2.  On September 6, 2011, a copy of the Complaint was served on Defendant, a copy of which is attached hereto as Exhibit "A" and constitutes all process, pleadings and orders served upon Defendant to date in this action.

3.  The above-described action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332, and is one which may be removed to this Court by the Defendant herein pursuant to the provisions of 28 U.S.C. § 1441, *et seq.*, in that it is

a civil action between citizens of different states and the matter in controversy as alleged in the Complaint exceeds the sum or value of $75,000, exclusive of interest and costs, to wit:

(a) Plaintiff is a business entity organized under the laws of the Commonwealth of Pennsylvania; and

(b) Defendant Sentry Select Insurance Company is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business located in Stevens Point, Wisconsin.

4. This Notice of Removal is being filed within the time period required by law under 28 U.S.C. §1446(b).

WHEREFORE Defendant Sentry Select Insurance Company respectfully requests that this action now pending against it in the Court of Common Pleas of Philadelphia County, Pennsylvania be removed therefrom to this Court.

Respectfully submitted,

Veronica W. Saltz, Esquire
Attorney I.D. No. 52931
SALTZ POLISHER P.C.
993 Old Eagle School Rd., Suite 412
Wayne, PA 19087
(610) 964-3333

Attorney for Defendant
Sentry Select Insurance Company

Dated: October 5, 2011

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd. 5th fl. at 09:30 AM - 05/04/2012
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified above, whether or not present
at the hearing, the matter may be heard at the same time and date before a Judge without the absent party or parties.
There is no right to a trial denovo on appeal from a decision entered by a Judge.

**THIS IS AN ARBITRATION MATTER**
**ASSESSMENT OF DAMAGES HEARING**
**IS REQUIRED**

CLEARFIELD, KOFSKY & PENNEYS
By: Scott E. Diamond, Esquire                                  Attorney for Plaintiff
Identification No. 44449
Suburban Station Building - Suite 355
1617 JFK Boulevard
Philadelphia, PA 19103
(215) 563-6333

---

RONALD A. CLEARFIELD &            :
ASSOCIATES d/b/a CLEARFIELD,      :       COURT OF COMMON PLEAS
KOFSKY & PENNEYS                  :       PHILADELPHIA COUNTY
1617 John F. Kennedy Boulevard-Suite 355 :
Philadelphia, PA 19103            :
            v.                    :       AUGUST TERM 2011
                                  :       NO.
SENTRY SELECT INSURANCE           :
COMPANY                           :
1800 North Point Drive            :
Stevens Point, WI 54481           :

## COMPLAINT IN CIVIL ACTION
### (Code 2O- WRONGFUL USE OF CIVIL PROCEEDINGS)

**NOTICE**

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL & INFORMATION SERVICE
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

**AVISO**

"Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENDIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Penna. 19107

Case ID: 110804541

## GENERAL AVERMENTS

1. Plaintiff, Ronald A. Clearfield & Associates d/b/a Clearfield, Kofsky & Penneys, (hereinafter referred to as "CKP") is a corporation licensed and authorized to engage in the practice of law within the Commonwealth of Pennsylvania, with a business address of 1617 John F. Kennedy Boulevard, Suite 355, Philadelphia, Pennsylvania.

2. Defendant, Sentry Insurance Company (hereinafter referred to as "Sentry") is a corporation licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an office for service at the above-captioned address.

3. The events that make up significant aspects of the subject matter of this lawsuit, many of which are referred to herein, took place in Montgomery County, Pennsylvania.

## BACKGROUND
## UNDERLYING ACTION AND COMPLAINT

4. On or about September 5, 2007, Plaintiff filed a verified complaint against Randall Derstein and Ezra H Good Inc. in the Court of Common Pleas of Philadelphia County, and assigned docket number September Term 2007, No. 00298. See Exhibit A

5. In response to the underlying complaint, Defendant Sentry retained counsel and presented representation of Randall Derstein and Ezra H. Good Inc. pursuant to the Commercial Motor Vehicle policy issued to Ezra H. Good Inc.

6. On October 30, 2007, Defendant responded to the underlying complaint by filing Preliminary Objections based on venue.

7. On February 5, 2008, pursuant to the Preliminary Objections the action was transferred to the Court of Common Pleas of Montgomery County.

-2-

16. As set forth above, at the time of filing the initial complaint Plaintiff was not aware that there was no factual and/or legal basis and/or probable cause to bring the underlying action.

17. Plaintiff found by way of depositions the inconsistencies of facts and/or factual content supplied to Plaintiff by their client.

18. Once Plaintiff was made aware of these inconsistencies a decision was immediately made to withdraw from the action; subsequently the client terminated her business relationship with the plaintiff.

19. The client was made aware that she could retain new counsel which is why the initial complaint was not withdrawn.

20. On or about October 14, 2010, Defendant Sentry filed motion to discontinue and end action without prejudice.

21. In instituting the underlying action, the recklessness, gross negligence and negligent conduct of the Defendant, Sentry consists of but is not limited to the following:

    (a) instituting and maintaining an action against plaintiffs herein without probable cause or reasonable factual basis;

    (b) instituting and maintaining an action against plaintiffs herein for the improper purpose of attempting to collect legal fees;

    (c) instituting an maintaining an action in violation of 42 Pa. C.S. §8351 et seq.;

    (d) failing to withdraw a baseless action and thereby forcing plaintiffs herein to defend and litigate an action that was based on the premise of punishment and/or retribution than on factual and/or legal support;

22. As a proximate result of the unlawful action of Defendant, Sentry, Plaintiffs have sustained damages in the form of incurred attorney's fees and litigation costs totaling 6,800.00, and will continue to incur legal fees and costs

23. Plaintiff, who continues to operate a business engaged in the practice of law suffered harm to his reputation and emotional distress both of which are damages that plaintiffs are entitled to recover pursuant to 42 Pa.C.S.A. §8351 et seq.

**WHEREFORE**, Plaintiff, Clearfield, Kofsky & Penneys, demand judgment against the defendant, for damages, in an amount in excess of the arbitration limits, plus interest, costs and attorney fees.

CLEARFIELD, KOFSKY & PENNEYS

BY: _____
Scott E. Diamond, Esquire
Attorney for Plaintiff, Clearfield, Kofsky & Penneys

## VERIFICATION

I, Ronald A. Clearfield, Esquire, hereby verify that I am the Plaintiff in the attached Complaint and that the facts set forth herein are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are subject to the penalties of Title 18 Pa. C.S.A. Section 4904 relating to unsworn falsifications to authorities.

_____
RONALD A. CLEARFIELD, ESQUIRE

DATED: August 30, 2011

Case ID: 110804541